# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DARRIL EDWIN GRAY, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12-CV-2026-JCH |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner Darril Edwin Gray's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## Background

On September 14, 2007, after pleading guilty to one count of conspiracy to engage in sex trafficking of a minor, petitioner was sentenced to sixty months' imprisonment and three years of supervised release. On June 19, 2008, the United States Court of Appeals for the Eighth Circuit affirmed the judgment of the District Court. See United States v. Gray, No. 07-3256 (8th Cir.). The mandate issued on July 10, 2008.

In the instant action, petitioner is challenging the validity of his conviction or sentence on the ground that the Court erred in refusing to allow him to withdraw his

guilty plea. Petitioner claims that, at the time, he was being deprived of medications for mental health issues, and therefore, he did not make a knowing and voluntary waiver of his rights.

## Discussion

The United States Court of Appeals for the Eighth Circuit has held that a writ of habeas corpus may issue under § 2241 only if it appears that remedy by a motion brought pursuant to 28 U.S.C. § 2255 motion is inadequate or ineffective. See United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000). A § 2255 motion is not inadequate merely because § 2255 relief has already been denied. This Court's records show that on February 11, 2009, petitioner filed a § 2255 motion to vacate his September 14, 2007 conviction and sentence. See Gray v. United States, No. 4:09-CV-263-JCH (E.D.Mo.). On March 4, 2011, the motion was denied on the merits. On June 3, 2011, the Eighth Circuit Court of Appeals denied Love's application for a certificate of appealability and dismissed the appeal. See Gray v. United States, No. 11-1673 (8th Cir.). Because petitioner is challenging the constitutionality of his conviction and sentence and § 2255 relief is neither inadequate nor ineffective, he may not proceed under § 2241 at this time. As such, the Court will dismiss petitioner's § 2241 application.

The Court will not liberally construe the instant habeas application as a motion

to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255, because petitioner has not obtained permission from the Eighth Circuit Court of Appeals to bring a second § 2255 action in this Court.[1]

Therefore,

**IT IS HEREBY ORDERED** that no order to show cause shall issue as to respondent, because petitioner may not proceed under 28 U.S.C. § 2241.

**IT IS FURTHER ORDERED** that petitioner's application for habeas corpus relief under 28 U.S.C. § 2241 is **DENIED**, without prejudice.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this <u>14th</u> day of January, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[1] As amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2255 provides that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals" to contain certain information. Title 28 U.S.C. § 2244(b)(3)(A) provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."